**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

**TRACIE FORD AND ALL OTHERS SIMILARLY SITUATED,**

     *Plaintiff*,

**v.**

**CARDINAL INNOVATIONS HEALTHCARE SOLUTIONS**

     *Defendant*.

**Civil Action No. 1:20-cv-00736**

**JURY TRIAL DEMANDED**

## COLLECTIVE ACTION COMPLAINT

**Nature of This Lawsuit**

1.     Plaintiff Tracie Ford brings this lawsuit to recover unpaid overtime wages and other damages from Cardinal Innovations Healthcare Solutions ("Defendant") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

### BACKGROUND

2.     Defendant is a managed care organization that uses Medicaid and state funds to help members get connected with short-term and long-term professional services for intellectual and developmental disabilities, mental health issues, and substance use disorders.[1]

---

[1] https://www.cardinalinnovations.org/Members/How-Coverage-Works (last visited August 4, 2020).

3.    Defendant employed I/DD Care Coordinators and Monitor Specialists (collectively "Care Coordination Employees"), including Plaintiff, to perform the care coordination functions Defendant provides to its customers.

4.    Defendant paid some or all of its Care Coordination Employees a salary.

5.    Defendant's Care Coordination Employees regularly worked over 40 hours per week.

6.    Defendant classified some or all of its Care Coordination Employees as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in an individual workweek.

7.    Defendant misclassified some or all of its Care Coordination Employees as exempt from state and federal overtime laws.

8.    The care coordination duties performed by Plaintiff and other Care Coordination Employees consisted of collecting information to document members' medical circumstances (data collection); inputting that information into Defendant's computer system (data entry); using established guidelines to maximize utilization of plan resources through the application of predetermined criteria (care utilization); arranging appointments and referrals and obtaining necessary authorizations from members; supplying members with additional information and resources to educate them about their benefits (plan education); and other similar work ("Care Coordination Work").

9.    The Care Coordination Work performed by Care Coordination Employees was non-exempt work.

10.     Plaintiff brings this action on behalf of herself and other similarly situated Care Coordination Employees who, due to Defendant's uniform misclassification policy, were not paid all earned overtime pay for time they worked in excess of 40 hours in individual workweeks in violation of the FLSA.

**Jurisdiction and Venue**

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law. *See* U.S.C. § 216(b).

12.     Venue is proper in this District under 28 U.S.C. § 1391 because Defendant resides in this District and because the events or omissions giving rise to Plaintiff's claims occurred in this District.

**The Parties**

13.     Plaintiff worked for Defendant in North Carolina as a Care Coordination Employee from April 2015 to March 2020.

14.     During her employment, Plaintiff was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

15.     During her employment, Defendant was Plaintiff's "employer" as defined under the FLSA in § 203(d).

16.     Plaintiff is a resident of the State of North Carolina.

17.     Defendant maintains its headquarters at 550 S. Caldwell St., Suite 1500, Charlotte, North Carolina 28202.

18.     Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

19.     Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

20.     Defendant has more than $500,000 in sales made or business done in each of the last three calendar years.

**Factual Allegations**

21.     Plaintiff worked as a Care Coordination Employee for Defendant.

22.     During her employment with Defendant, Plaintiff primarily performed Care Coordination Work.

23.     During her employment, Plaintiff's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

24.     During her employment, Plaintiff's job duties did not involve providing nursing care in a clinical setting or providing direct medical care to individuals.

25.     Defendant suffered or permitted Plaintiff to work over 40 hours in one or more individual workweeks in the last three (3) years.

26.     Plaintiff estimates that during her tenure with Defendant, she worked between 50 and 60 hours each workweek.

27.     Defendant classified Plaintiff as exempt from the overtime provisions of the FLSA.

28.     Because Plaintiff performed non-exempt work, Defendant should have classified her as non-exempt.

29.     When Plaintiff worked over 40 hours in individual workweeks, Defendant did not pay her overtime at one-and-one-half times her regular rate of pay.

30.    Defendant paid Plaintiff a salary.

**Collective Action Allegations**

31.    Plaintiff brings her FLSA claims as a collective action.

32.    Plaintiff's consent form to participate in this collective action is attached to this Complaint as Exhibit 1.

33.    The collective action is defined as follows:

> All individuals employed by Defendant as Care Coordination Employees in the last three years who were paid a salary and were classified as exempt from overtime ("Putative Collective Action Members").

34.    Plaintiff is similarly situated to the Putative Collective Action Members because they were paid in the same manner and performed the same primary job duties.

35.    In the last three years, Defendant has employed individuals who performed the same primary duties as the Plaintiff.

36.    Of Defendant's employees who performed the same primary job duties as Plaintiff in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

37.    Of employees classified as exempt and who performed the same primary duties as Plaintiff in the last three years, some or all worked over 40 hours in individual workweeks.

38.    Defendant maintained one or more common job descriptions for Care Coordination Employees.

39.    Defendant has the names and addresses for Putative Collective Action Members in its payroll or personnel records.

40.     Defendant has email addresses for Putative Collective Action Members in its payroll or personnel records.

41.     Defendant has phone numbers for Putative Collective Action Members in its payroll or personnel records.

42.     Defendant is aware or should have been aware that the FLSA required it to pay Putative Collective Action Members overtime.

## COUNT I
### Failure to Pay Overtime
### (Collective Action)

43.     Plaintiff incorporates here the previous allegations of this Complaint.

44.     Defendant violated the FLSA by failing to pay overtime to Plaintiff and the Putative Collective Action Members when they worked over 40 hours in individual workweeks.

45.     Plaintiff was not exempt from the overtime provisions of the FLSA.

46.     The Putative Collective Action Members were not exempt from the overtime provisions of the FLSA.

47.     Plaintiff was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

48.     Other Putative Collective Action Members were directed to work, and did work, over 40 hours in one or more individual workweeks.

49.     Defendant paid Plaintiff a salary and no overtime compensation.

50.     Defendant paid other Putative Collective Action Members a salary and no overtime compensation.

51.     Defendant violated the FLSA by failing to pay overtime to Plaintiff at one-and-one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

52.     Defendant violated the FLSA by failing to pay overtime to other Putative Collective Action Members at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

53.     Defendant's violations of the FLSA were willful.

54.     As a result, Defendant is indebted to Plaintiff and the Putative Collective Action Members in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**WHEREFORE**, Plaintiff, on behalf of herself and the Putative Collective Action Members, seeks the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice to the Putative Collective Action Members.  Such notice shall inform the Putative Collective Action Members that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.     Unpaid overtime wages pursuant to the FLSA;

C.     Liquidated damages in additional amount equal to the unpaid overtime wages;

D.     Pre-judgment and post-judgment interest as provided by law;

E.     Attorneys' fees and costs of the action; and

F.     Such other and further relief this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated: August 13, 2020                    Respectfully Submitted,


                                          /s/ Jason Chestnut
                                          Jason S. Chestnut, NCSB #52066
                                          Philip J. Gibbons, Jr., NCSB #50276
                                          Craig L. Leis, NCSB #48582
                                          GIBBONS LEIS, PLLC
                                          14045 Ballantyne Corporate Pl., # 325
                                          Charlotte, North Carolina 28277
                                          Telephone: 704-612-0038
                                          Email:jason@gibbonsleis.com
                                                 phil@gibbonsleis.com
                                                 craig@gibbonsleis.com


                                          Travis M. Hedgpeth*
                                          THE HEDGPETH LAW FIRM, PC
                                          3050 Post Oak Blvd., Suite 510
                                          Houston, Texas 77056
                                          Telephone: (281) 572-0727
                                          travis@hedgpethlaw.com

                                          Jack Siegel*
                                          Stacy Thomsen*
                                          SIEGEL LAW GROUP PLLC
                                          4925 Greenville, Suite 5009
                                          Dallas, Texas 75206
                                          Telephone: (214) 790-4454
                                          jack@siegellawgroup.biz

*Application for admission pro hac vice forthcoming*

**Attorneys for Plaintiff and Others Similarly Situated**